# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GAREGIN SPARTALIAN,

                      Plaintiff,         Case No. 2:12-cv-00742-MMD-PAL

vs.                                              **ORDER**

CITIBANK, N.A., et al.,               (Mot. Quash - Dkt. #3)

                      Defendants.

      Before the court is Plaintiff's "Notice Motion to Quash Filed Concurrently Herein Notice of Removal with Initial Complaint, Service of Summons" (Dkt. #3). This motion was filed the same day Plaintiff filed his Complaint (Dkt. #1).

      It appears that the Plaintiff was sued by Defendant Citibank N.A. in state court. The current motion seeks to quash summons and complaint in the state court action, Case No. 12C008083, JC Department 6, on the grounds it was not served on Plaintiff or any other adult or person with competent responsibility as required by Nevada Rule of Civil Procedure 4(6) (sic). Plaintiff states that the summons and complaint were not served on him in person "nor upon a person of suitable and discretion residing at the above stated residential address." Although it is not clear, Plaintiff may be referring to the address that he lists on the caption of the motion. It appears that the Plaintiff was sued in state court for a credit card debt he allegedly owes. He filed this complaint alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"). His complaint also purports to be a notice of removal of the state court action filed against him, on the theory that the Defendants' claims against him, and his claims against the Defendants "arise out of the same transactions and occurrences, and out of a common nucleus of operative facts." As a result, he requests that the court exercise supplement jurisdiction over the state court action pursuant to 28 U.S.C. § 1367.

Defendants the Law Offices of Rausch, Sturm, Israel, Enerson & Hornik, LLC, Megan Hummel, Esq., Richard A. Russell, and Shelley Lanzkowsky filed an opposition (Dkt. #13). Defendants argue that the motion is not properly supported because there are no attached independent documents such as affidavits, photographs, recordings or other admissible forms of evidence upon which the court may rely to test the veracity of Plaintiff's unverified assertions. As the Plaintiff has not supported the motion with admissible evidence "for that very reason, the Motion should be discarded", citing LR 7-2(d). On the merits, these Defendants argue that Plaintiff was properly served in state court, and the process server filed an affidavit of service in the state court action attesting under penalty of perjury that a copy of the complaint was left with a co-resident of the residence at 9790 Prescott Creek Court, Las Vegas, Nevada 89117.

No reply was filed and the time for filing a response has run.

This court did not set a hearing on this motion to quash. However, Judge Ferenbach set a hearing on a motion to quash in related case 2:12-cv-00743-MMD-VCF, Citibank N.A. v. Spartalian. Judge Ferenbach took the matter under advisement, and on June 13, 2012, filed a Report and Recommendation (Dkt. #22) recommending to the district judge that the case be remanded for lack of federal jurisdiction. The same district judge is presiding over this case and related case 2:12-cv-00743. Judge Ferenbach's report of findings and recommendations set forth the procedural history of both cases and the underlying state action. Judge Ferenbach's report and recommendation also recommends that this case be stayed for a period of sixty days. Spartalian filed an objection to the report and recommendation and the Defendants filed a response. The district judge has not yet ruled on the matter.

Plaintiff's motion is not supported by an affidavit, declaration or any form of admissible evidence. The affidavit of service and pleadings filed in state court were not attached to Plaintiff's complaint and notice of removal. For all of these reasons,

**IT IS ORDERED** that Plaintiff's Motion to Quash (Dkt. #3) is **DENIED**.

Dated this 11th day of July, 2012.

_____
Peggy A. Leen
United States Magistrate Judge