1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                       * * *

9    GAREGIN SPARTALIAN,                      Case No. 2:12-cv-00742-MMD-PAL

10                          Plaintiff,
                                              ORDER
11          v.
                                              (Defs.' Motion to Dismiss – dkt. no. 17)
12   CITIBANK, N.A., et al,                    (Defs.' Motion to Strike – dkt. no. 43)

13                          Defendants.

14

15   **I.      SUMMARY**

16          Before the Court is Defendants The Law Offices of Rausch, Sturm, Israel,

17   Enerson, & Hornick, LLC ("Law Firm"), Megan Hummel, Esq., Richard A. Russell, Esq.,

18   and Shelley L. Lanzkowsky's (collectively "Moving Defendants") joint Motion to Dismiss

19   and Motion to Strike. (Dkt. nos. 17 & 43.)  For the reasons discussed below, the Motion

20   to Dismiss is granted and the Motion to Strike is denied.

21   **II.     BACKGROUND**

22          This is a case involving an allegedly unpaid debt. The Complaint alleges that

23   Plaintiff had a credit card issued by Defendant Citibank. On October 14, 2010, some

24   amount of credit card debt was "charged-off." On or about July 13, 2011, Plaintiff

25   received a letter from Defendant Law Firm offering to settle the debt. The letter gave two

26   payment amounts due on two payment dates; the letter also identified Defendant Law

27   Firm as "debt collectors" but did not contain any other notices pursuant to the Federal

28   Debt Collection Practices Act ("FDCPA").

1       On July 18, 2011, Plaintiff sent a demand for debt verification to Defendant Law

2   Firm via certified mail. Plaintiff sent the same demand again on October 13, 2011.

3   Defendant Law Firm did not respond. On March 27, 2012, Defendant Citibank and

4   Defendants Hummel, Russell, and Lanzkowsky filed a lawsuit against Plaintiff.

5   Defendants enlisted the services of Defendant Wagner to serve the summons and

6   complaint.  Defendant Wagner left a copy of the summons and complaint on the ground

7   in front of Plaintiff's home; Defendant Wagner did not knock, ring the doorbell, or make

8   any effort to discover if anyone was at the residence. Then, Defendant Wagner allegedly

9   falsified the affidavit of service and represented that he served the documents on a

10  person named "Eli," whom he described as a 25 year old male with brown skin, black

11  hair, even though no person named "Eli" or fitting that description was at Plaintiff's

12  house.

13      On May 3, 2012, Plaintiff filed suit alleging seven claims: (1) violations of the

14  FDCPA, (2) violations of NRS § 649.370, based upon FDCPA violations, (3) fraud, (4)

15  negligence, (5) violations of the Fair Credit Reporting Act ("FCRA"), (6) defamation, and

16  (7) invasion of privacy/false light.  Moving Defendants seek Judgment on the Pleadings

17  on claims 1 and 2 to the extent they are based on the actions of the process server,

18  claim 3 for fraud, and claim 4 for negligence. (Dkt. no. 17.)  Moving Defendants also

19  seek to Strike Plaintiff's untimely opposition and surreply.

20  **III.     MOTION TO STRIKE**

21      Moving Defendants filed the instant Motion to Dismiss on June 13, 2012. (Dkt. no.

22  17.) Plaintiff failed to oppose the motion by the June 30, 2012, deadline. On August 29,

23  2012, Moving Defendants filed a Notice of Non-Opposition titled "Reply to Response."

24  (Dkt. no. 37.)  Fifteen days later, on September 13, 2012, Plaintiff filed a "Surreply" and

25  "Response to Motion to Dismiss" (dkt. nos. 37, 38), as both the opposition and leave for

26  sur-rebuttal to the opposition that was never filed. Plaintiff justifies his failure to file this

27  opposition by the fact that almost two months later, on August 22, 2012, he sent an

28  ///

2

1    email to the parties stating he would be out of town for at least 23 days. Moving

2    Defendants seek to strike both documents.

3         First, the Court finds that Plaintiff's delay was unjustified. The email did not

4    address the deadline for the Motion to Dismiss but rather concerned proposed discovery

5    order deadlines. Further, the email was sent nearly two months after the opposition

6    deadline had passed, and referred to a trip Plaintiff was to take in the future. Plaintiff's

7    *future* travel schedule cannot have been the reason he failed to respond in the past.

8         Even were the Court to accept Plaintiff's "I was out of town" excuse, Plaintiff's

9    filing of the surreply was still inappropriate. Local Rule 7-2(a)-(c) allows a motion, a

10   response and a reply.  No provision is made for the filing of a surreply.  "A surreply may

11   only be filed by leave of court, *and only to address new matters raised in a reply to which*

12   *a party would otherwise be unable to respond.*" *Kanvick v. City of Reno*, No. 3:06-CV-

13   00058, 2008 WL 873085, at*n.1 (D. Nev. March 27, 2008)(emphasis in original). Here,

14   Plaintiff had the ability to file an opposition and failed to do so. In addition, as

15   Defendants' "reply" was a notice of non-opposition, it did not raise any new issues to

16   which Plaintiff was otherwise unable to respond. Therefore, Plaintiff's filing of the

17   surreply was inappropriate.

18        Additionally, failure to file points and authorities in opposition to a motion

19   constitutes consent that the motion be granted.  L.R. 7-2(d); *see Abbott v. United*

20   *Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989).  However, when

21   considering dispositive motions, this Court may analyze the motion on its merits

22   regardless of whether it is opposed. This is especially true when the Plaintiff is appearing

23   *pro se*.  Even if the Court were to strike Plaintiff's responsive documents, the Court

24   would still conduct an independent analysis on the merits.[1]  While Plaintiff's filing of the

25   surreply was inappropriate, striking the rogue documents serves no purpose because

26

27        [1]Moreover, even if the Court considered Plaintiff's opposition and surreply, a brief
     review of the papers makes clear that the two documents are not helpful to the Court's
28   analysis.

1    the Court conducts its own independent analysis. Therefore, although the Court is

2    permitted to strike Plaintiff's untimely filing, the Court elects to deny the motion.

3         Despite this decision, the Court strongly cautions Plaintiff to abide by the Court's

4    filing deadlines as this action proceeds and to refrain from filing procedurally

5    unauthorized motions. Proceeding *pro se* does not give Plaintiff free license to disregard

6    this Court's rules of procedure. Plaintiff may face monetary and case-dispositive

7    sanctions should he engage in future dilatory behavior.

8    **IV.    12(C) MOTION TO DISMISS**

9         **A.    Legal Standard**

10        Fed. R. Civ. P. 12(c) is "functionally identical" to Rule 12(b)(6), and the "same

11   standard of review" applies to a motion brought under either rule. *Cafasso v. General*

12   *Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Judgment on the

13   pleadings or dismissal under Rule 12 is appropriate when, even if all material facts in the

14   pleading under attack are true, the moving party is entitled to judgment as a matter of

15   law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th

16   Cir.1989).

17        To survive a motion of this type the claim must include "a short and plain

18   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

19   8(a)(2*)*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not

20   require detailed factual allegations, it demands "more than labels and conclusions" or a

21   "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S.

22   662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above

23   the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss,

24   a complaint must contain sufficient factual matter to "state a claim to relief that is

25   plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

26        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

27   apply when considering motions to dismiss. First, a district court must accept as true all

28   well-pled factual allegations in the complaint; however, legal conclusions are not entitled

1    to the assumption of truth.  *Id.* at 1950.  Mere recitals of the elements of a cause of

2    action, supported only by conclusory statements, do not suffice.  *Id.* at 1949.  Second, a

3    district court must consider whether the factual allegations in the complaint allege a

4    plausible claim for relief.  *Id.* at 1950.  A claim is facially plausible when the plaintiff's

5    complaint alleges facts that allow the court to draw a reasonable inference that the

6    defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where the complaint does

7    not permit the court to infer more than the mere possibility of misconduct, the complaint

8    has "alleged — but not shown — that the pleader is entitled to relief." *Id.* (internal

9    quotation marks omitted).  When the claims in a complaint have not crossed the line

10   from conceivable to plausible, the complaint must be dismissed.  *Twombly,* 550 U.S. at

11   570. The Court also notes the well-established rule that *pro se* complaints are subject to

12   "less stringent standards than formal pleadings drafted by lawyers" and should be

13   "liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

14   **B.    Analysis**

15   Defendants make five arguments in support of their motion. First, Defendants

16   argue that this Court does not have what Plaintiff characterizes as "diversity" jurisdiction

17   over this action. Second, Defendants argue that the actions of a process server do not

18   give rise to a claim under the FDCPA or the corresponding Nevada statutes.[2] Third,

19   Defendants argue that Plaintiff's fraud claim fails to meet Fed. R. Civ. P 9(b)'s

20   heightened pleading standard.  Fourth, Defendants argue that Plaintiff's negligence

21   claim fails because it is preempted by the FCRA and FDCPA and also because Nevada

22   law does not recognize the duties alleged in the negligence claim. The Court analyzes

23   each argument in turn.

24   ///

25   ///

26

27        [2]Defendants' Motion does not address the FDCPA claim based on the alleged
      defective notice of debt. Therefore, Claims 1 and 2 remain viable as they relate to the
28   mailing of the allegedly defective notice of debt.

### 1.    Jurisdiction

Defendants argue that there is no diversity of citizenship because Plaintiff is a resident of Nevada and Moving Defendants are also residents of Nevada. Moving Defendants are correct; this Court does not have diversity jurisdiction over this case. However, Plaintiff's Complaint also alleges that this Court has jurisdiction for claims arising under the FDCPA pursuant to 15 USC § 1692k(d). (Dkt. no. 1 at ¶ 1.) The Court therefore has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. § 1692k(d). Additionally, this Court may exercise supplementary jurisdiction over the related state law claims. *See* 28 U.S.C. § 1367.

### 2.    Actions of a Process Server

Plaintiff's Complaint attempts to impute liability to Moving Defendants under the FDCPA and Nevada law for the allegedly wrongful actions of Defendant Wagner in his role as a process server and agent of Moving Defendants.  Any violation of the FDCPA is actionable under Nevada state law as well. NRS § 649.370. Under the FDCPA, a "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  The Act exempts from this definition "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt[.]" 15 U.S.C. § 1692a(6)(D)(commonly called the "process server exemption").  However, where a process server goes beyond being a messenger while serving process or engages in harassing or abusive conduct to force the consumer to repay the debt, the process server is a debt collector and is not exempt under subsection (6)(D).  *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117-18 (2d Cir. 1998) (holding that exemption did not apply to lawyer whose involvement extended beyond mere service of notice).

///

1    Plaintiff alleges that Moving Defendants employed Defendant Wagner to "effect

2  legal service of the summons and complaint upon the Plaintiff." (Dkt. no. 1 at ¶ 37.) This

3  falls squarely within the process server exemption. However, Plaintiff also alleges that

4  Defendant Wagner generated an allegedly false affidavit of service, which when

5  construed in the light most favorable to Plaintiff arguably amounts to abusive and

6  harassing behavior, removing the act from the ambit of the process server exemption.

7  Yet even assuming *arguendo* that the behavior was abusive and harassing, Plaintiff has

8  failed to allege an agency relationship between Defendant Wagner and Moving

9  Defendants such that there would be vicarious liability.  "General principles of agency . . .

10  form the basis of vicarious liability under the FDCPA." *Clark v. Capital Credit & Collection*

11  *Servs., Inc.*, 460 F.3d 1162,1173 (9th. Cir. 2006). Therefore, "to be liable for the actions

12  of another, the 'principal' must exercise control over the conduct or activities of the

13  'agent.'" *Id.* (*citing* Restatement (Second) of Agency § 1 (1958)). This factor is missing

14  from Plaintiff's Complaint.   Plaintiff does not allege that Moving Defendants directed

15  Defendant Wagner to falsify the Affidavit of Service, that Wagner's allegedly illegal

16  behavior was within the scope of the agency relationship, or that Moving Defendants

17  exercised any control over Defendant Wagner during the course of his improper and

18  allegedly dishonest service of process.   Absent those allegations, Moving Defendants

19  cannot be held vicariously liable for Wagner's actions.   Therefore, claims 1 and 2 for

20  violations of the FDCPA and NRS § 649.370 fail against the Moving Defendants.

21                    **3.    Fraud**

22    Defendants argue that Plaintiff's fraud claim fails for lack of specificity. To state a

23  claim for fraud under Nevada law, Plaintiff must allege: "1. A false representation made

24  by the defendant; 2. Defendant's knowledge or belief that the representation is false (or

25  insufficient basis for making the representation); 3. Defendant's intention to induce the

26  plaintiff to act or to refrain from acting in reliance upon the misrepresentation; 4.

27  Plaintiff's justifiable reliance upon the misrepresentation; and 5. Damage to the plaintiff

28  resulting from such reliance." *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev.

1    1992).  Additionally, "[c]omplaints alleging fraud must comply with both [Federal Rules of

2    Civil Procedure] 8(a) and 9(b)."  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir.

3    2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th

4    Cir. 2007) (en banc)).  Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or

5    mistake, a party must state with particularity the circumstances constituting fraud." This

6    rule requires that claims of fraud be accompanied by the "who, what, when, where, and

7    how" of the conduct charged, *Yess v. CibaGeigy Corp., USA*, 317 F.3d 1097, 1106 (9th

8    Cir. 2003) (*quoting Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)), so that the

9    complaint does not simply "lump multiple defendants together." *Destfino v. Reiswig*, 630

10   F.3d 952, 958 (9th Cir. 2011). This requirement ensures that the defendants are on

11   "notice of the particular misconduct . . . so that they can defend against the charge and

12   not just deny that they have done anything wrong." *Yess*, 317 F.3d at 1106.

13           Here, Plaintiff's fraud claim is insufficiently pled for two reasons. First, assuming

14   *arguendo* that the actions of Defendant Wagner could be imputed to Moving Defendants,

15   Plaintiff's Complaint fails to allege that Plaintiff justifiably relied on any of the purported

16   false representations. Nowhere in Plaintiff's Complaint does he allege that his reliance

17   on Defendant Wagner's allegedly false affidavit of service was justifiable or that he

18   undertook any specific actions as a result. Second, while the Complaint makes specific

19   references to Defendant Robert Wagner and his actions,[3] it only generally avers to the

20   other Defendants as "co-conspirators" and "associates."  (Dkt. no. 1 at ¶ 47.) Thus, as to

21   Moving Defendants, the Complaint lacks specific references regarding which Defendants

22   were involved in the misrepresentation, what they knew, where the alleged collusion took

23   place, or any other information that would allow Defendants to defend against the

24   allegations. Therefore, this claim is dismissed without prejudice.

25   ///

26   ///

27

28           [3]Defendant Wagner has been dismissed as a party in this case. (Dkt. no. 34).

### 4. Negligence

Plaintiff's Complaint references several allegedly breached duties. Defendants argue that any duties statutorily created by the FCRA and FDCPA are preempted. Defendants also argue that the remaining duty is not recognized by Nevada law.

#### a. FCRA and FDCPA Preemption

Defendants argue that the FCRA and FDCPA expressly preempt Plaintiff's negligence claim, which relies on duties created by those federal statutes. The FCRA contains two preemption provisions codified at § 1681h(e) and § 1681t(b)(1)(F). 15 USC § 1681 *et seq.* § 1681h(e) only preempts state law claims for "defamation, invasion of privacy, or negligence" and then only to the extent that those claims are based on the disclosure of FCRA information and are not based on malice or willful intent to injure. *Id.* § 1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. 1681t(b)(1)(F). Thus, the FCRA preempts a plaintiff from bringing any state law claim based on conduct covered by Section 1681 s–2. *See Subhani v. JPMorgan Chase Bank, Nat. Ass'n*, No. C 12–01857 WHA, 2012 WL 1980416, at *5-6 (N.D. Cal June 1, 2012) (containing a thorough discussion of 9th Circuit FCRA preemption interpretation). Conversely, the FDCPA does not preempt state law claims that are consistent with the FDCPA. 15 USC § 1692n; *Gonzales v. Arrow Financial Servs., LLC*, 660 F.3d 1055, 1066-67 (9th. Cir. 2011).

Here, almost all of Plaintiff's claims for relief are based on state laws relating to activity covered by Section 1681s–2, that is, conduct relating to a furnisher's responsibilities to provide accurate information and conduct reasonable investigations following a dispute. As to the list of duties alleged, only one is not subsumed and preempted by the FCRA. Therefore, the negligence claim is preempted and dismissed with prejudice to the extent that it relies on duties arising under the FCRA; specifically, this refers to all duties listed in ¶ 60 of Plaintiff's complaint.

**b.      Duties under Nevada Law – Failure to state a claim**

Defendants argue that all other allegations in the negligence claim do not establish any recognized duty under Nevada law and do not adequately state a claim. As discussed above, only one alleged duty is not preempted. This is the alleged "statutory duty of care to make sure that should the hire a legal process server who was truthful, honest and not deceiving in the practice and execution of his/her statutory duty for the service of summons and complaint." (*Id.* at ¶ 57, 59.)  However, the Court agrees with Moving Defendants that no such statutory duty exists in Nevada.

## V.      CONCLUSION

IT IS THEREFORE ORDERED that that Moving Defendants' Motion to Strike (dkt. no. 43) is DENIED.

IT IS FURTHER ORDERED that Moving Defendants' Motion to Dismiss (dkt. no. 17) is GRANTED as to Defendants The Law Offices of Rausch, Sturm, Israel, Enerson, & Hornick, LLC, Megan Hummel, Esq., Richard A. Russell, Esq., and Shelley L. Lanzkowsky as follows:

1. Claims 1 and 2 are dismissed with prejudice in part to the extent that they rely on the actions of the process server;
2. Claim 3 is dismissed without prejudice; and
3. Claim 4 is dismissed with prejudice.

DATED THIS 13th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE