# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GAREGIN SPARTALIAN,

        Plaintiff,

vs.

CITIBANK N.A., et al.,

        Defendants.

Case No. 2:12-cv-00742-MMD-PAL

**ORDER**

(Motion to Compel - Dkt. #50)

Before the court is Defendants' Motion to Compel (Dkt. #50) filed on behalf of the law offices of Rausch, Sturm, Israel, Enerson & Hornick, LLC, Megan Hummel, Esq., and Richard Russell, Esq. The court has considered the Motion (Dkt. #50), pro se Plaintiff Garegin Spartalian's Response (Dkt. #55), Plaintiff's Request to Take Judicial Notice of Initial Disclosures (Dkt. #56), Defendant Citibank N.A.'s Joinder (Dkt. #57), Defendants' Opposition to Plaintiff's Request for Judicial Notice (Dkt. #60), and Defendants' Reply to Plaintiff's Response to Motion to Compel (Dkt. #61).

## BACKGROUND

The Complaint (Dkt. #1) in this case was filed May 3, 2012, and involves an action arising out of an allegedly unpaid debt. Plaintiff alleges that he had a credit card issued by Defendant Citibank. On October 14, 2010, some amount of credit card debt was "charged-off." Plaintiff received a letter from Defendant Law Offices July 13, 2011, offering to settle the debt. The letter gave two payment amounts due on two payment dates, and also identified the law firm as "debt collectors" but did not contain any other notices required by the Federal Debt Collection Practices Act ("FDCPA").

Plaintiff alleges that he sent a demand for debt verification to Defendant Law Offices by certified mail July 18, 2011, and again on October 13, 2011. The law firm did not respond. On March

27, 2012, Defendant Citibank and Defendants Hummel, Russell and Lanzkowsky filed a lawsuit against Plaintiff which enlisted the services of Defendant Wagner to serve summons and complaint. Wagner left a copy of the summons and complaint on the ground in front of Plaintiff's home, but did not knock, ring the doorbell or make any effort to discover if anyone was in the residence. Plaintiff alleges that Defendant Wagner then falsified the affidavit of service and represented that he had served the documents on a person named "Eli" even though no person named Eli or person fitting the physical description contained in the affidavit of service for Eli was at Plaintiff's house.

The Complaint originally alleged claims for: (1) violations of the FDCPA; (2) violations of NRS 649.370, based on FDCPA violations; (3) fraud; (4) negligence; (5) violations of the Fair Credit Reporting Act ("FCRA"); (6) defamation; and (7) invasion of privacy/false light. On February 13, 2013, the district judge entered an Order (Dkt. #59) dismissing Plaintiff's First and Second Claims with prejudice to the extent that they rely on the actions of the process server. Claim Three was dismissed without prejudice, and Claim Four was dismissed with prejudice.

The parties conducted a telephonic Rule 26(f) conference on August 2, 2012. The parties exchanged initial disclosures, but did not exchange formal written discovery. Defendants allege that upon receipt of Plaintiff's Rule 26(a) disclosures, Plaintiff was informed that his production was inadequate because it did not contain a computation of damages. However, Plaintiff did not supplement his disclosures.

Plaintiff's deposition was taken on two occasions. During the second deposition, counsel for Defendants made a number of requests to the Plaintiff for production of certain records and documents. Defendants cite portions of the deposition transcript to support their arguments that Plaintiff indicated he did not object to producing most of the records before December 26, 2012, but would seek legal counsel before making a final decision.

On December 26, 2012, Plaintiff sent defense counsel a letter via email objecting to producing documents requested at his deposition. Counsel for Defendants called Plaintiff January 7, 2013, in an attempt to resolve the matter, without success. In the current Motion, Defendants seek an order either compelling Plaintiff to produce relevant records and documents as promised in his deposition, or in the alternative, striking Plaintiff's complaint or other discovery sanctions. Defendants also seek an award

of attorney fees "sufficient to recompense Defendants for the time they have wasted in trying to get these records."

Defendants argue that the Plaintiff had a duty to produce the requested documents pursuant to Rule 26(a) in his initial disclosure of documents and witnesses, but failed to do so. Defense counsel brought the deficiencies of Plaintiff's disclosure to Plaintiff's attention. However, Plaintiff did not produce a computation of his damages and refused "to acquiesce to the discovery requests."

Defendants seek: (1) billing records and evidence of payment Plaintiff made to a paralegal living in the Isle of Malta whom Plaintiff testified at his deposition assisted in preparing his complaint; (2) communication logs with the paralegal; (3) evidence of prior debt collection attempts made by Plaintiff; (4) research notes Plaintiff collected concerning the FDCPA and FCRA; (5) Plaintiff's prior and current credit scores; (6) records pertaining to Plaintiff's lease of a Mercedes-Benz; (7) hand-written notes of telephonic communication with the Defendants; and (7) Plaintiff's history of disputes with credit card agencies or other creditors.

Defendants argue that the billing records and evidence of payments to the paralegal are relevant and discoverable because Plaintiff claims he has paid money to the paralegal as an element of his damages in this case, and because defense counsel believes the "alleged paralegal" is clearly "ghost writing" which is not ethically permitted. Defendants seek communication logs with the paralegal for the same reasons. Documents evidencing prior debt collections, Defendants argue, are relevant and discoverable because they tend to show Plaintiff's sophistication and experience with prior debt collection activities which "goes directly to his claim or defense." It may also reflect a bad credit history, which is another element of damages Plaintiff has alleged in this case. The research notes will establish the Plaintiff's mental impressions and thoughts as he was preparing to file this "frivolous lawsuit" and the Rule 11 good-faith basis for filing the suit.

Defendants assert that the prior and current credit scores are relevant and discoverable because the Complaint alleges Defendants' actions have adversely impacted Plaintiff's credit rating. His prior and current credit scores are clearly relevant to establish what his prior credit ratings were, and there is no valid basis for refuse to provide them, and "this matter is directly relevant to the claim at issue." Documents or records concerning his attempt to lease a Mercedes-Benz are relevant because Plaintiff

1  claimed at his deposition that one of the elements of his damages was his inability to lease a Mercedes-
2  Benz because of his bad credit.  The hand-written notes of telephone communications with these
3  Defendants are clearly relevant as Plaintiff described them as contemporaneous details of
4  communications Plaintiff had in phone calls with the law firm.  Finally, Plaintiff's history of disputes
5  with other credit card agencies or creditors is relevant to Plaintiff's prior experience with debt collectors
6  and/or disputes regarding debts before and after July 2011.  These documents will reflect on Plaintiff's
7  credit history, prior experience and sophistication in disputing debt, and his knowledge of an obligation
8  to comply with certain statutory requirements to make a valid verification request and/or dispute and
9  entry on his credit score.

10        Defendants contend that the only appropriate sanction would be a refusal to allow Plaintiff to
11  argue that he has been damaged by Defendants' alleged conduct since Plaintiff has not provided any
12  evidence supporting his damages claim or provided a damages computation.  Because Plaintiff has not
13  supported his damages, he would be entitled to no more than the statutory minimum, if Plaintiff
14  establishes a violation under either the FDCPA or FCRA.  In the alternative, "the Court could always
15  choose to dismiss the litigation as a sanction."

16        Plaintiff opposes the motion accusing defense counsel of engaging in intimidation tactics.
17  Plaintiff claims that he served his initial disclosures September 18, 2012, and Defendants did not claim
18  his production was inadequate for any reason other than his failure to provide a computation of
19  damages.  Defendants did not serve the Plaintiff with any written discovery.  The Plaintiff agrees that
20  during the second deposition, Defendants made a number of requests to produce certain records and
21  documents.  Plaintiff, however, placed a statement on the record that he would seek appropriate legal
22  advice before surrendering any documents to counsel for the Defendants to make sure that his attorney-
23  client privilege or work-product privilege claims were protected.  Plaintiff informed counsel for
24  Defendants, Mr. Angulo, that he was asserting his attorney-client privilege and work-product protection
25  concerning the documents Mr. Angulo requested at the deposition.

26        Plaintiff represents that he was not educated in the United States and is not educated in the
27  English language and the laws governing the Federal Rules of Evidence and Procedures.  He claims that
28  Mr. Angulo was harsh and oppressive in the manner in which he took the Plaintiff's deposition, and

followed up with a threatening letter after the deposition. The Plaintiff also claims that Mr. Angulo's January 7, 2013, phone call was not an attempt to resolve the matter, but only intended to threaten and intimidate him "to such an extent that Plaintiff got sick after the telephone call from Attorney Angulo."

Plaintiff disputes that he promised to produce documents during his deposition. Rather, Plaintiff claims his agreement was "conditional and not absolute." Plaintiff made it clear that he would seek legal counsel before rendering a final decision on whether to produce the documents. Plaintiff contends that granting Defendants' request to strike his complaint would be reversible error, because the Ninth Circuit five-factor test has not been met, and the trial court must consider less drastic sanctions. Plaintiff argues that there is no need for any sanctions of any kind. He disputes that anyone has ghost written any of his papers. His friend, whom he described as a paralegal, "is not supervised by any lawyer, nor does he have any formal legal training." Rather, Plaintiff's friend was "just a friend helping the Plaintiff." Nevertheless, Plaintiff believes he is entitled to assert the attorney-client and work-product privilege with respect to his communications with his friend.

Plaintiff also claims that the majority of the documents Mr. Angulo requested Plaintiff to turn over are public records equally available to the Defendants. Additionally, the records could easily have been obtained through a request for production. Plaintiff points out that when his deposition was noticed, the Defendants did not request that he produce any documents at or before the deposition. Plaintiff cites portions of his deposition relied upon by the Defendants in the instant motion. He points out that he testified that, although he had paid his European paralegal/friend for assistance, he was not claiming those payments as part of his damages in this case.

Plaintiff claims that producing documents concerning his Mercedes-Benz lease would invade his privacy, and that Title 18 of the U.S.C. § 2721 prohibits the release of such information. Plaintiff acknowledges that Rule 26(a)(1)(A) requires him to make initial disclosures without awaiting a formal discovery request, including a copy or a description by category and location of all documents in his possession, custody, or control he may use to support his claims. Plaintiff also acknowledges that he is required to provide a computation for each category of damages claimed and to make documents or other evidentiary materials available for inspection and copying. However, he cites the provision in Rule 34 that he need not produce documents that are privileged or protected from disclosure. Plaintiff

5

1  believes that his notes, mental impressions, and strategy in this litigation are protected under the work-
2  produce doctrine. He also believes that "the discussions between himself and the attorney and paralegal
3  are protected by the attorney-client privilege" because he is pro se and is entitled to the "equivalent
4  protection afforded to wealthy litigants represented by expensive legal counsel, such as in this case."

5  Plaintiff also claims that, because English is his third language, he did not fully understand Mr.
6  Angulo's questions during his deposition. He points out that questions had to be repeated or restated a
7  number of times so that Plaintiff understood, and even then "Plaintiff expressed confusion." Plaintiff
8  disputes that many of the documents the Defendants seek are discoverable to show his sophistication
9  and experience with debt collection, or to establish the Rule 11 basis for filing this complaint. He also
10 argues that information about his prior and current credit scores are equally available to the moving
11 parties, and that forcing him to produce them is "another form of harassment and unsanctioned
12 oppression and punishment" for his assertion of his rights. The notes of his conversation with the
13 Defendants were transformed into memoranda and mailed to the moving parties. This is the only
14 information that possibly has any probative value, and his notes, which contained his impressions from
15 those telephone conversations, "have no value to" the Defendants defenses. Similarly, any of Plaintiff's
16 prior credit history is equally accessible to the movants, and has no probative value except to humiliate
17 the Plaintiff further. For all of these reasons, Plaintiff asks that the court deny the Motion. However, if
18 he is ordered to produce any document, he should be afforded a reasonable time to do so and without
19 any sanctions.

20  Plaintiff also filed a Request for Judicial Notice (Dkt. #56) which requests the court to take
21 judicial notice under Federal Rule of Evidence 201(d) of his initial disclosure in considering the
22 Defendants' Motion to Compel. A copy of the initial disclosures is attached as Exhibit "1." Plaintiff
23 submits the exhibit to establish that he produced documents in his possession, and reiterates that he has
24 withdrawn his claim for damages regarding the money he gave his friend in Malta to assist him.

25  Defendants oppose Plaintiff's request to take judicial notice of Plaintiff's initial disclosures
26 arguing the proper means of bringing the document to the court's attention would be to attach it as an
27 exhibit to his opposition to the motion to compel. Additionally, Defendants are not complaining about
28 the documents that Plaintiff did produce in his initial disclosure. Finally, Defendants argue that Fed. R.

1  Evid. 201 does not apply to this case, and that the document Plaintiff seeks to have the court take
2  judicial notice of is not an adjudicative fact in this case.
3        Defendants also filed a Reply (Dkt. #61) which argues that Plaintiff's status as a pro se litigant
4  does not exempt him from appropriate sanctions for failing to comply with his discovery obligations.
5  Defendants dispute that there is any evidence that Plaintiff's English skills stop him from understanding
6  what is going on and reiterate arguments made in the motion to compel that Defendants are entitled to
7  the information they request.

## LAW AND ANALYSIS

9        Fed. R. Civ. P. 37(a)(1) permits a party to file a motion to compel disclosure of discovery. It
10 provides in pertinent part: "The motion must include a certification that the movant has in good faith
11 conferred or attempted to confer with the person or party failing to make disclosure or discovery in an
12 effort to obtain it without court action."
13     Local Rule 26-7(b) also provides:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court intervention.

17       Fed. R. Civ. P. 37(a)(1) and Local Rule 26-7(b) serve several important purposes. First, the
18 parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary
19 expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of
20 discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). Second, the
21 meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement
22 or to at least narrow and focus the matters in controversy before judicial resolution is sought". *Id*. For
23 the meet-and-confer obligations to serve their purpose, it is essential "that parties treat the informal
24 negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of
25 discovery disputes." *Id*. To accomplish this requirement,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of

1        all available information, can there be "a sincere effort" to resolve the
2        matter.

3 *Id*. Judicial intervention should only occur when either informal negotiations have reached an impasse
4 on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or
5 provide specific support for its claims. *Id*.

6      The court should not consider a motion to compel unless the moving party provides a
7 certification of counsel which "accurately and specifically convey to the court who, where, how, and
8 when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc.*
9 *v Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996). Additionally, the moving party must
10 actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery
11 dispute without court intervention. *Id*. To accomplish the underlying policy of Local Rule 26-7(b) and
12 Fed. R. Civ. P. 37(a)(1), the moving party must include more than a cursory statement that counsel have
13 been "unable to resolve the matter" and "must adequately set forth in the motion essential facts
14 sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good
15 faith conferment between the parties." *Id*. at 171. A good faith attempt to resolve the discovery dispute
16 without court intervention involves more than "the perfunctory parroting of statutory language on the
17 certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery
18 dispute through non-judicial means." *Id*.

19      Having reviewed and considered the motion and supporting exhibits, the court is satisfied that
20 the Defendants attempted to resolve this discovery dispute without the court's intervention before filing
21 this Motion. The court will therefore address the Motion on the merits.

22      Fed.R.Civ.P. 37 authorizes sanctions for a party's failure to make disclosures or cooperate in
23 discovery. Rule 37(c)(1) provides, in relevant part:

24        A party that without substantial justification fails to disclose information
         required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery
25        as required by Rule 26(e)(2), is not, unless such failure is harmless,
         permitted to use as evidence at a trial, at a hearing, or on a motion any
26        witness or information not so disclosed.

27 Fed.R.Civ.P. 37(c)(1). The Ninth Circuit has held that Rule 37(c)(1) "gives teeth" to the disclosure
28 requirements of Rule 26 "by forbidding the use at trial of any information required to be disclosed by

8

Rule 26(a) that is not properly disclosed." *Torres v. City of Los Angeles,* 548 F.3d 1197, 1212-13 (9th Cir. 2008) (*citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)).

      Plaintiff acknowledges that he was required to produce documents supporting his claims in his initial disclosures without awaiting a formal discovery request. Defendants acknowledge that Plaintiff served his initial disclosures and provided the documents he claims he produced. Defendants do not claim that the initial disclosures were inadequate except for Plaintiff's failure to provide a computation of damages. Defendants also admit that they did not serve the Plaintiff with formal written discovery. Rather, defense counsel requested that Plaintiff produce certain documents at Plaintiff's December 13, 2012, deposition based on Plaintiff's testimony. The court has reviewed the excerpts of the transcripts. The first day of the deposition is attached as Exhibit "D," and the second attached as Exhibit "A" to Defendants' motion to compel. The court has also reviewed the followup correspondence between the parties. Specifically, the Plaintiff's December 26, 2012, "memorandum of record" and January 2, 2013, letter from counsel to Defendants to Mr. Spartalian, attached as Exhibits "B" and "C." A fair reading of the transcript excerpts indicates Plaintiff did agree to provide certain materials to the Defendants that he referred to during his deposition testimony. For example, he testified that he had "some records somewhere in my house" concerning whether he had ever asked anyone to verify a debt they were asserting he owed prior to September 2011. Deposition Transcript, Exhibit "A", p.37. It is also clear that he objected to certain of Defendants' requests for information. For example, he objected to Defendants' request for records regarding prior attempts to collect a debt on the grounds that he did not believe it had anything to do with this particular case. *Id*., p.38.

      Had the Defendant served the Plaintiff with a request for production of documents, the court would agree that a number of the documents the Defendants seek in this motion to compel would be relevant and discoverable under Rule 26(b). However, Defendants did not serve Plaintiff with a request for production of documents. With the exception of the documents supporting Plaintiff's computation of damages, Defendants do not claim that Plaintiff was obligated to produce the documents they seek in the motion to compel as part of Plaintiff's initial disclosures.

      On the other hand, many of Plaintiff's objections to producing the documents are based on the purported attorney-client or work product privilege. These objections are not well taken. The Plaintiff

does not have an attorney-client or work product privilege for communications with a friend who lives in Malta who is a paralegal not working under the direct supervision of a lawyer. Plaintiff testified at his deposition that he did not have an attorney. The party asserting the attorney-client privilege must establish the attorney-client relationship and the privileged nature of the communication. *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997). The communication must be between a client and his lawyer for the purpose of obtaining legal advice. *Id.* Here, Plaintiff has testified that he was not in an attorney-client relationship, and therefore, no attorney-client privilege exists. Plaintiff's privacy and statutory arguments about the Mercedes Benz lease documents are also not well taken. If Plaintiff is claiming his inability to lease the vehicle is an element of his damages, he has placed this matter in issue and must produce any documents which support this calim.

Plaintiff testified that he was seeking damages for the time he spent giving his deposition rather than working; what he had to pay out for legal work; and the "obscene amount of time, stress, no sleep" he has spent pursuing his claims. Plaintiff testified he was seeking recovery of the money he paid to his friend and paralegal as an item of damages in this case, and clearly agreed to provide the bills related to the work the friend had done for him. However, in the opposition to the Motion to Compel, Plaintiff states that he is no longer claiming the amount he paid to his friend and paralegal as an item of damages in this case.

The court will not order the Plaintiff to produce his bills and other communications with his friend and paralegal. However, the court will enter an order precluding the Plaintiff from claiming any payments made to the paralegal as an item of damages. The court will also preclude the Plaintiff from introducing any evidence of communications with the paralegal to support his claims in motion practice or at trial. Finally, the court will preclude the Plaintiff from using any other documents or records he referred to during the course of his deposition to support his claims or damages in motion practice or at trial because of his failure to produce them pursuant to Rule 26(a).

The court will compel the Plaintiff to serve a supplemental Rule 26(a) disclosure providing Defendants with any additional documents Plaintiff intends to rely upon for any purpose other than impeachment in this case. The court will also compel the Plaintiff to supplement his Rule 26(a) disclosures to provide the Defendants with a calculation of damages which fully complies with Rule

26(a). However, the court will not compel the Plaintiff to produce other documents the Defendants believe are relevant and discoverable, for which no written discovery request was served within the time allowed for discovery.

In short, if Plaintiff intends to rely upon any documents to support any of his claims including his damages, he must serve them on counsel for Defendants in a supplemental Rule 26(a) disclosure. Except for impeachment materials which he is not required to disclose under Rule 26(a)(3)(A), Plaintiff shall not be permitted to use, for any purpose in this case, any documents that he does not provide to opposing counsel.

For the reasons stated,

**IT IS ORDERED** that:

1. Defendants' Motion to Compel (Dkt. #50) is **GRANTED in part** and **DENIED in part** as follows:

    a. Defendants' Motion to Strike Plaintiff's Complaint is **DENIED**.

    b. Defendants' Request for Attorney Fees and Costs for the necessity of filing the motion is **DENIED**.

    c. Defendants' Request to Preclude Plaintiff from relying upon any evidence or documents not disclosed in his initial disclosures at trial, in motion practice, or for any other reason is **GRANTED** in part. Plaintiff may not rely upon any evidence or documents not disclosed in his initial disclosure, **or supplemental disclosures required in this order**, at trial, in motion practice, or for any other reason.

2. Plaintiff shall have until **March 15, 2013,** in which to serve the Defendants with the supplemental initial disclosures required by this order, including his computation of damages.

3. Plaintiff's Request for Judicial Notice (Dkt. #56) is **GRANTED** to the extent the court will consider the Plaintiff's initial disclosures and attached documents as an exhibit to Plaintiff's opposition to the motion to compel.

///

11

4. Any request for relief not specifically addressed in this order is **DENIED**.

Dated this 1st day of March, 2013.

                                                    Peggy A. Leen
                                                    United States Magistrate Judge