**GAREGIN SPARTALIAN**
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
Em:   garegin73@yahoo.com
Tel:   702-513-3296

Plaintiff/Non-attorney
*In Pro Se*

FOR COURT STAMP USE ONLY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **GAREGIN SPARTALIAN,**<br><br>*Plaintiff,*<br><br>*versus,*<br><br>**CITIBANK (SOUTH DAKOTA) N.A.; THE LAW OFFICES OF RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLC; SHELLEY L. LANZKOWSKY,** *Esq.*, **MEGAN HUMMEL,** *Esq.*; and **RICHARD A. RUSSELL,** *Esq.*; and **DOES 1** to **5,** *Inclusive,*<br><br>*Defendants,* | Case No.: **2:12-cv-00742-LRH-PAL**<br><br>**DECLARATION OF GAREGIN SPARTALIAN IN RESPONSE TO THE DECLARATION OF SHELLEY LANZKOWSKY** |

I the undersigned, declare that I am the Plaintiff in the above entitled action. If called as a witness I could and would competently testify to the following.

| **ATTORNEY LANZKOWSKY'S DECLARATION** | **PLAINTIFF OPPOSITION TO ATTORNEY LANZKOWSKY'S DECLARATION** |
|---|---|
| 1. Your Affiant is an attorney, licensed to practice law in the State of Nevada and before this Honorable Court. | 1. Plaintiff does not have personal knowledge to affirm or deny that Defendant Lanzkowsky is a licensed attorney in Nevada. |

**Spartalian vs. Citibank NA,** *et al., etc.*
Case No.: **No. 2:12-cv-00742-LRH-PAL**

DECLARATION OF GAREGIN SPARTALIAN
IN RESPONSE TO THE DECLARATION OF
SHELLEY LANZKOWSKY

| **ATTORNEY LANZKOWSKY'S DECLARATION** | **PLAINTIFF OPPOSITION TO ATTORNEY LANZKOWSKY'S DECLARATION** |
|---|---|
| 2. While your Affiant is currently employed by the law office of Lanzkowsky Law Group, P.C., during the times relevant to the instant litigation, your Affiant was the attorney in the Las Vegas office for the law firm of Rausch, Sturm, Israel, Enerson & Hornik, LLC. I served as the lead attorney in that office from April 2010 to January 2012. | 2. I have no personal knowledge to confirm or deny that Defendant Lanzkowsky is employed by the law office of Lanzkowsky Law Group, P.C., or that during the times relevant to the instant litigation, she was the attorney in the Las Vegas office for the law firm of Rausch, Sturm, Israel, Enerson & Hornik, LLC. Nor do I have any personal knowledge to confirm or deny that she served as the lead attorney in that office from April 2010 to January 2012. |
| 3. As the lead attorney, I have personal knowledge on all matters contained within this affidavit and am competent to testify in a court of law if required to do so. | 3. I have no personal knowledge to confirm or deny that Defendant Lanzkowsky was the lead attorney, or that she possesses personal knowledge on all matters contained within her affiavit and am competent to testify in a court of law if required to do so. |
| 4. On May 31, 2011, our firm generated an initial demand letter to Garegin Spartalian at 9790 Prescott Creek Court, Las Vegas, Nevada 89117-8408 on behalf of Citibank regarding an outstanding credit card account balance of $8,439.33. | 4. Based on the information submitted by Mrs. Beckman, the May 31st, 2011 submitted by the Defendants and their attorney Angulo should have a date when it was mailed to me, and the initials of the person that mailed. The Exhibit submitted by the Defendants and their attorney Angulo does not contained that information. And therefore the actual initial demand May 31st, 2011 was never sent nor received by me. Even during the discovery, and neither was it provided to this Court at this Summary Judgment process. Most important is that only initial letter received by me was the July 13th, 2011 which contains a difference balance then that which has been claimed in Defendant Lanzkowsky's declaration. |
| 5. The letter was issued from Rausch. Sturm's Wisconsin law offices and contained my name and the Las Vegas address as the local attorney of the Las Vegas branch office. | 5. Defendant Lanzkowsky's has no personal knowledge nor did she observed that "The letter was issued from Rausch. Sturm's Wisconsin law offices." |

| **ATTORNEY LANZKOWSKY'S DECLARATION** | **PLAINTIFF OPPOSITION TO ATTORNEY LANZKOWSKY'S DECLARATION** |
|---|---|
| 6.     The letter, once issued, becomes part of the permanent file in our efforts to collect from the customer on behalf of our client. | 6.     If the letter, Defendant Lanzkowsky is the May 31st, 2011 letter the Defendants attached as Exhibit, I have never received said letter, and only knew of its existence when the Defendants through their lawyer Angulo provided an incomplete and inaccurate purported copy in their discovery. The true and correct May 31st, 2011 was never produce, nor do I know if it really exists. However, it will be suspicious should the Defendants suddenly produce the original May 31st, 2011 containing the information referred to by Ms. Beckman. |
| 7.     To that end, the May 31. 20 II letter was present within the file for Mr. Spartalian and is proof of its being mailed to him at the address. | 7.     The claim by Defendant Lanzkowsky that "To that end, the May 31. 20 II letter was present within the file for Mr. Spartalian and is proof of its being mailed to him at the address," actually does not proof that at all. Especially, since the actual and true duplicate, if it does even exist, has not been, to date produce, and I have never received it. In addition, Defendant Lanzkowsky's statement that it was "mailed to him at the address," she was not present in Wisconsin, if the letter was ever mailed. She swears that she was in Las Vegas, and that the Wisconsin's office used her name as if she actually mailed it. Yet another decipeint practice by the Defendants.  Using the names of attorneys not present in one office or state and claiming that such notice was being said by said attorney, when if fact it was not. |
| 8.     The May 31, 2011 initial demand letter specifically meets all requirements of the Fair Debt Collection Practices Act. It specifically inform the debtor that "this is an attempt to collect a debt." it informed Mr. Spartalian that he could request verification of the debt by challenging the existence of the debt, or any portion thereof, within 30 days after receiving | 8.     Since the May 31st, 2011 was never received by me, nor is it believed that it was ever mailed, the July 13th, 2011 letter operates as the initial notice, which completely failed to meet all the requirements of the FDCPA. It did not ". . . specifically inform the debtor that "this is an attempt to collect a debt." it informed Mr. Spartalian that he could request verification of |

| **ATTORNEY LANZKOWSKY'S DECLARATION** | **PLAINTIFF OPPOSITION TO ATTORNEY LANZKOWSKY'S DECLARATION** |
|---|---|
| the notice. Your Affiant received from her client, Citibank, the necessary documents showing the debt was valid and, having reviewed same, your Affiant believed, and continues to believe. that Mr. Spartalian did, in fact, owe Citibank for charges placed on a credit card for which payment had not been received a total of $8,439.33. | the debt by challenging the existence of the debt, or any portion thereof, within 30 days after receiving the notice," since I never received it.<br><br>In a Summary Judgment motion it is relevant what Defendant Lanzkowsky "believed, and continues to believe. that Mr. Spartalian did, in fact, owe Citibank for charges placed on a credit card for which payment had not been received a total of $8,439.33," she has no personal knowledge and the fact that the amount is different, supports the notion that she is speculating rather than affirming a fact. |
| 9. After this letter was sent to Mr. Spartalian, more than 30 days passed without receiving from him any response (nor were the letters returned as being undeliverable). Accordingly, on July 13, 20 II, another letter was generated to the attention of Mr. Spartalian attempting to resolve the matter and suggesting a discount on the outstanding obligation payable on an installment plan. | 9. Again, I never received the May 31st, 2011 letter. There is nothing in the discovery that indicates any information from the Wisconsin's office that the May 31st, 2011 letter was "returned as being undeliverable", and once more Defendant Lanzkowsky is speculating. Especially since the Defendants nor attorney Angulo produce the actual purported May 31st, 2011 letter, which according to Ms. Beckman it would contain the date of mailing and the initials of the person mailing it. |
| 10. After the initial communication is made, subsequent letters, under the Fair Debt Collection Practices Act, are not required to contain all of the elements which the May 31, 2011 correspondence did. | 10. I agree with Defendant Lanzkowsky that, "After the initial communication is made, subsequent letters, under the Fair Debt Collection Practices Act, are not required to contain all of the elements which the May 31, 2011 correspondence did." She confirms under penalty of perjury that since the May 31st, 2011 was never received, the July 13th, 2011 did not comply with the FDCPA. |
| 11. Nevertheless, even the July 13, 2011 letter specifically notes the collection process is ongoing and will continue until the settlement amount is received in the office and that the law | 11. The issue is not that the July 13th, 2011 indicated it was "This firm is a debt collector. Unless you notify this office within 30 days after receiving this notice that you dispute the |

| ATTORNEY LANZKOWSKY'S DECLARATION | PLAINTIFF OPPOSITION TO ATTORNEY LANZKOWSKY'S DECLARATION |
|---|---|
| firm, which was specifically identified as a "debt collector" in the letter, wanted to help Mr. Spartalian resolve his account. | validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify Ibis office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of. judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice. this office will provide you with the name and address of the original creditor. if different from the current creditor. This is an attempt is to collect a debt. Any information obtained will be used for that purpose." What it supports is that it is the first and initial letter I received. This type of admonish is required by a debt collector on the initial letter of contact. I still believe that the May 31st, 2011 was specifically created by the Defendants in response to my lawsuit. |
| 12.   Although I had never spoken directly with Mr. Spartalian at any time, on July 18, 2011, he mailed a letter to my attention regarding the July 13, 2011 correspondence and asked for competent evidence of the legal obligation due and owing. | 12.   Here, Defendant Lanzkowsky affirms under penalty of perjury that on July 18th, 2011, was the first time I made contact with her, regarding the initial July 13th, 2011 correspondence were I asked for validation of the alleged debt. |
| 13.   Although, technically, Mr. Spartalian was outside the time to properly dispute his debt, our firm honored his request for validation. | 13.   Defendant Lanzkowsky cannot make such a statement that I was "outside the time to properly dispute" my debt, because the May 31st, 2011 was never received by mean, and that constitutes, yet another deception and fabrication of facts in order to respond to my lawsuit. She also admits, as stated above that once I received the July 13th, 2011, I request for validation within five days (July 18th, 2011(supra)). There would be no reason for me not to respond to the alleged May 31st, 2011 with the required statutory limitations, if I had ever received the May 31st, 2011 fabricated letter. |

| **ATTORNEY LANZKOWSKY'S DECLARATION** | **PLAINTIFF OPPOSITION TO ATTORNEY LANZKOWSKY'S DECLARATION** |
|---|---|
| 14. No collection activities were undertaken by our office upon receipt of the July 18, 2011 letter from Mr. Spartalian until after October 7. 20 11 (Under the Fair Debt Collection Practices Act, no collection efforts may go forward once a timely request has been made for debt validation until the validation is provided.) | 14. I have no personal knowledge if collection activities were ceased because from factors arising out of my July 18th, 2011 letter, which was the initial contact the Defendants made with me. |
| 15. On October 7, 2011, the verification of the debt (including billing statements) and the proper address of the creditor was provided to Mr. Spartalian in a correspondence authored by Brandon E. Bowland, an attorney under my direction in the Las Vegas office of Rausch. Stunn, Israel, Enerson & Hornik, LLC. That letter, also. specifically identified the firm as a debt collector and indicated the letter was part of the continuing attempt to collect a debt. | 15. It is not true that Mr. Brandon E. Bowland authored an October 07th, 2011 letter. In fact, not only the October 07th, 2011 is not signed by Mr. Bowland, it is only initialed by a person allegedly named Mr. Bowlin. In her Affidavit, Defendant Lanzkowsky identifies a Mr. Bowlin to be her subordinate, were at her direction and supervision alleged issuing the October 07th, 2011 letter. It is suspect that a lawyer, such as Defendant Lanzkowsky's does not even know the true and correct name of her subordinate, who she claims she ordered him to write the October 07th, 2011. This Court should take serious notice of these type of discrepancies and misrepresentations, for it only supports my allegations that the Defendants committed violations of the FDCPA through deception, fraud and spoilation of evidence, such as the original duplicates of the Exhibits they submitted to support their Motion for Summary Judgment. |
| 16. In response to that October 7, 2011 letter. Mr. Spartalian sent a letter to my attention dated October 13, 2011 indicating that we had waited too long to validate his debt and demanding that it be set aside. There is no time deadline for responding to a request to validate a debt; the only prohibition in the cessation of collection efforts until validation is given. | 17. I have now learned that actual there is no such time proscribed by the FDCPA. However, that does not deprive this Court from ruling that the delay deprive me from an expeditious process, and that the Defendants should be estopped from introducing their Exhibits they submitted because they are not the true and correct duplicates of the original letter, bring into question their authenticity, and the veracity of the declarants' statements and the statements made by their respective lawyers. |

*Spartalian vs. Citibank NA*, *et al., etc.*
Case No.: No. 2:12-cv-00742-LRH-PAL

Page 6 of 7

DECLARATION OF GAREGIN SPARTALIAN IN RESPONSE TO THE DECLARATION OF SHELLEY LANZKOWSKY

| **ATTORNEY LANZKOWSKY'S DECLARATION** | **PLAINTIFF OPPOSITION TO ATTORNEY LANZKOWSKY'S DECLARATION** |
|---|---|
| 17. Shortly after receiving this letter, I left the law firm of Rausch, Sturn, Israel, Enerson & Hornik, LLC and moved to my present firm. | 17. I have no personal knowledge to confirm or deny Defendant Lanzkowsky's statement. |
| 18. As indicated, at no time did I ever have any personal communication with Mr. Spartalian, nor, to my knowledge, did anyone in my office. | 18. It is true that I never had any personal contact with Defendant Lanzkowsky nor she with me, except through the aforementioned written communication. |
| 19. Having reviewed the relevant documents, it is my personal and professional opinion, having been involved in debt collection in the State of Nevada, as a licensed attorney for several years, that the communications sent forth to Mr. Spartalian, beginning on May 31, 2011, complied with all requirements found under the Fair Debt Collection Practices Act. | 19. I have provided enough proof and evidence that the communications sent forth by the Defendants, as submitted through their legal counsel, beginning on May 31, 2011, did not comply with all requirements found under the Fair Debt Collection Practices Act. |

Based on the above, I am informed and believe that I have raise genuine issues of facts that are subject to the sole adjudication by the trial of fact . . . the jury. There are too many inconsistencies in Defendant Lanzkowsky's affidavit and that her affidavit is not supported through her own personal knowledge but is based on speculation and hearsay, which is not compilable with the requirements and procedures fundamental to a Motion for a Summary Judgment. Therefore, I am asking this Court to strike Defendant Lanzkowsky's affidavit and all the Exhibits she refers to.

I declare under penalty of perjury under the laws of the United States, that the above is true and correct. That I am not submitting this request for a continuance and request to conduct discovery for any ill will or purpose nor to delay this litigation. Executed on March 05th, 2013, Las Vegas, Nevada.

Garegin Spartalian
Las Vegas, Nevada 89117-8408
Em:   garegin73@yahoo.com
Tel:   702-513-3296
Plaintiff/Non-attorney
*In Pro Se*