**GAREGIN SPARTALIAN**
9790 Prescott Creek Court
Las Vegas, Nevada 89117-8408
Em:   garegin73@yahoo.com
Tel:   702-513-3296

Plaintiff/Non-attorney
*In Pro Se*

FOR COURT STAMP USE ONLY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **GAREGIN SPARTALIAN,**<br><br>*Plaintiff,*<br><br>versus,<br><br>**CITIBANK (SOUTH DAKOTA) N.A.; THE LAW OFFICES OF RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLC; SHELLEY L. LANZKOWSKY,** *Esq.*, **MEGAN HUMMEL,** *Esq.*; and **RICHARD A. RUSSELL,** *Esq.*; and **DOES 1 to 5,** *Inclusive,*<br><br>*Defendants,* | Case No.: **2:12-cv-00742-LRH-PAL**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR A CONTINUANCE AND AN REQUEST FOR DISCOVERY PURSUANT TO FRCP RULE 56(d); DECLARATION OF GAREGIN SPARTALIAN** |

    Plaintiff, respectfully requests that the Court continues Defendant Citibank's Summary Judgment (Docket Entry 51) in order that Plaintiff conduct some discovery that is otherwise not included in this process, because of his unfamiliarity with this type of lawsuit, and because he realizes after having read and researched all of the Defendants' motions and pleadings, including the recent Orders from this Honorable Court, that his complaint (Docket Entry 1) appears not to met to the legal standards, necessary to prosecute his claims.  Plaintiff believes that should this Court grant him this request, he would be able to move for a motion to amend his Docket Entry 1, and supply both the Defendants and this Honorable Court with a better plead Amended Complaint.

    However, in order not to waste this Court's time or offend the Defendants, Plaintiff is also responding to Defendant Citibank's Docket Entry 51.

**Spartalian vs. Citibank NA, et al., etc.**
Case No.: **No. 2:12-cv-00742-LRH-PAL**

PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR A CONTINUANCE AND AN REQUEST FOR DISCOVERY PURSUANT TO FRCP RULE 56(d); DECLARATION OF GAREGIN SPARTALIAN

This request for a continuance and a chance to conduct some discovery, as fully briefed below, is submitted pursuant to the **Federal Rules of Civil Procedure** 56(d).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Incorporation of Plaintiff's Opposition to Defendants' Law Firm Summary Judgment Motion (Docket Entry 53)

1.      Plaintiff incorporates by reference his **Opposition to Defendants' Law Firm Summary Judgment Motion (Docket Entry 53)** as though fully stated herein, for the reasons stated hereinafter.

### II.    DEFENDANT CITIBANK IS 100% RIGHT ITS APPEARS TO BE EXEMPT FOR LIABILITY UNDER THE FDCPA AS A "DEBT COLLECTOR" BUT VICARIOUSLY LIABLE FOR ITS' ATTORNEYS' ACTIONS - DEFENDANTS LAW FIRM

2.      Plaintiff does not dispute the arguments set forth in Defendant Citibank that they are, as a matter of law, exempt under the FDCPA on the basis that it is not a "debt collector." However, Plaintiff mislabeled his causes of action and claims against Defendant Citibank, because of his lack of proper use of the specialized legalistic language used in the act and in the Motion for Summary Judgement. Instead, what Plaintiff actually was claiming that Defendant Citibank is vicariously liable for the conduct of their legal counsel, i.e. Defendants **THE LAW OFFICES OF RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLC; SHELLEY L. LANZKOWSKY, Esq., MEGAN HUMMEL, Esq.; and RICHARD A. RUSSELL**. In **Fox v. Citicorp Credit Servs., Inc.**, 15 F.3d 1507, 1516 (9th Cir. 1994), the 9th Circuit Justice held Citcorp vicariously liable for the actions of its attorneys because he 9th Circuit Justice concluded, as a matter of statutory construction and Congressional intent, the **"Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken."** (Supra)

3.      Under general principles of agency-which form the basis of vicarious liability under the FDCPA, see **Newman v. Checkrite California**, 912 F. Supp. 1354, 1370 (E.D. Cal. 1995)-to be liable for the actions of another, the "principal" must exercise control over the conduct or activities of the "agent." See **Restatement (Second) of Agency** § 1 (1958).

4.      To this end, Plaintiff attempted to design his complaint to infer, through some viable evidence upon which a reasonable trier of fact could conclude that Defendant Citibank was exercising decision-making control over the collection of the debt through the Defendant Law Firm.

5.      Plaintiff believed that in his Docket Entry 1, at ¶ 27, he was raising the issue of vicarious

*Spartalian vs. Citibank NA, et al., etc.*
Case No.: **No. 2:12-cv-00742-LRH-PAL**

Page 2 of 5

PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR A CONTINUANCE AND AN REQUEST FOR DISCOVERY PURSUANT TO FRCP RULE 56(d); DECLARATION OF GAREGIN SPARTALIAN

liability under the FDCPA, when he wrote, "The Defendants and each of them acted individually and jointly to deprive and in conspiring to deprive the Plaintiff of his statutory federal and state rights. Because the Defendants acted knowingly, recklessly and in disregard of well-established law and agency guidelines and regulations, with no objectively reasonable basis for their actions." However, because of the amounts of points and authorities submitted by each opposing counsel and the explanations and legal thinking of this Court, in its orders, Plaintiff now realize that he needs to state more then just a conclusion or recitation of an allegation. (i.e. Docket Entry 1, at ¶ 27)

6.  Although it is true that the FDCPA is silent on the issue of vicarious liability. In this Ninth U.S. Circuit, however, it is established that, under the FDCPA, a debt collector may be found vicariously liable for the conduct of its attorney. See **Fox v. Citicorp Credit Servs., Inc.**, (supra); see also **Martinez v. Albuquerque Collection Servs.**, 867 F.Supp. 1495 (D.N.M.1994); and see 17 Am.Jur.2d **Consumer Protection** § 200 (1990)[1]. The fact that an attorney may act as an independent contractor does not require a different result. Under general rules of agency, one who contracts to act on behalf of another and is subject to the other's control, may be both an agent and an independent contractor. See **Restatement of Agency Second** §§ 2, 14N; **Harby v. Saadeh**, 816 F.2d 436, 439 (9th Cir.1987). Accordingly, employers may be liable for the acts of independent contractors when an agency relationship is demonstrated. See **Sugimoto v. Exportadora De Sal. S.A. De C.V.**, 19 F.3d 1309, 1311-12 (9th Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994). It has generally been said that an attorney is an agent even if employed for a single transaction and as an independent contractor. See **Restatement (Second) of Agency** § 1. Under their contracts, the Defendants Law Firm were to represent Citibank... [for the] purpose of facilitating the collection of amounts due through use of the legal process where appropriate. The law firms were thus acting on behalf and under the authority of Defendant Citibank and were not only independent contractors, but Defendant Citibank's agents as well.

---

[1] Federal statutes creating tort liability have traditionally required the development of federal common law to fill in the interstices of the statute. See **DelCostello v. International Broth. of Teamsters**, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (six month period of limitations found in § 10(b) of the NLRB in governed claims against the employer and the union); **American Society of Mechanical Engineers v. Hydrolevel Corp.**, 456 U.S. 556, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982) (doctrine of apparent authority applies to Sherman Act).

Accordingly, federal common law determines if, and under what circumstances, Defendant Citibank may be liable under the principle of vicarious liability. See **Texas Industries v. Radcliff Materials**, 451 U.S. 630, 640, 101 S.Ct. 2061, 2066-67, 68 L.Ed.2d 500 (1981). As a general matter, federal common law often adopts state law as the rule of decisions. See **Zumbrun v. United Services Automobile Ass'n**, 719 F.Supp. 890 (E.D.Cal.1989). In the matter at bar, California agency law parallels the Restatement of Agency. See **Rutherford v. Rideout Bank**, 11 Cal.2d. 479, 484, 80 P.2d 978 (1938). Since federal courts have also adopted the Restatement of Agency in fashioning federal common law, no conflict exists. As vicarious liability principles attach in the same way under both state or federal common law, therefore there is no need to further consider which supplies the rule of decision. See **Sugimoto v. Exportadora De Sal, S.A. De. C.V.**, 19 F.3d 1309, 1312 (9th Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994

*Spartalian vs. Citibank NA, et al., etc.*
Case No.: **No. 2:12-cv-00742-LRH-PAL**

PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR A CONTINUANCE AND AN REQUEST FOR DISCOVERY PURSUANT TO FRCP RULE 56(d); DECLARATION OF GAREGIN SPARTALIAN

Page 3 of 5

7.  If Plaintiff is reading **Fox v. Citicorp Credit Servs., Inc.** (supra), the case arose from factors of filing a lawsuit in the wrong venue. This case is not so dissimilar to those facts. As in Docket Entry 1, Plaintiff alleged that if it was not for the "perjury" committed by the process server, when he filed a false proof of service, which was then ratified, supported, and relied upon the constitutionally and statutory protections and immunities under the Fourteenth Amendment (i.e. without the false affidavit of the proof of service, the State Court would not have had personam jurisdiction of the Plaintiff) therefore, could not proceed to adjudicate the case. Similar, to when a debt collector files a case in the wrong venue, as suggested by **Fox v. Citicorp Credit Servs., Inc.** (supra) that Court would also not have jurisdiction on the case.

8.  Therefore, Plaintiff now realizes that potentially the cause of action lies pursuant to **Title** 15 **United States Code** § 1692i or another applicable section of the FDCPA.

9.  The legal determination and conclusion in **Fox v. Citicorp Credit Servs., Inc.** (supra) that "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken," appears to be equally applicable under the facts of this case.

10. For the reason stated above, Plaintiff requests that he be granted a specific time period to conduct some discovery to assert how involved has or is Defendant Citibank involved in the operation, implementation, administrative and decision making process with the remaining Defendants. And, for any other relief this Honorable Court deems just and proper.

## DECLARATION IN SUPPORT OF THE ABOVE REQUEST

1.  I am the Plaintiff in the above entitled action. If called as a witness I could and would competently testify to the statements in this declaration. I am not an attorney and I am doing my best to provide both the Defendants and this Honorable Court with a proper and viable claims against the abovementioned Defendants, whom I truly believe have wronged me.

2.  I have read everything the Defendants have filed and also the Orders of this Honorable Court. I realized in so doing that my wording and the presentation of the events I attempted to express in my Complaint (Docket Entry 1) do not appear to met to the legal standards. However, by having read these documents and conducting research, I discovered that I need to polish up the Complaint.

3.  I was under the impression that my documents I send and received from the Defendants would suffix to prove my case. But, I realize I need to establish that Citibank had control over the disposition of the claimed debt and that the process server and his company conduct "sewer service." I have learned that many States, included Nevada have prosecuted such process servers. I am respectfully asking for only thirty to forty days so I can take some deposition and complete the investigation so I can be able to prove my case. These lawyers are bright and quit brilliant in making sure that during the deposition, I was backed against the wall and not realizing what

*Spartalian vs. Citibank NA, et al., etc.*
Case No.: **No. 2:12-cv-00742-LRH-PAL**

Page 4 of 5

PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR A CONTINUANCE AND AN REQUEST FOR DISCOVERY PURSUANT TO FRCP RULE 56(d); DECLARATION OF GAREGIN SPARTALIAN

everything meant, and relied on what they told me that I have to do. I now realize that I could have objected to many of their questions, and if I had known that I had to produce documents, I would have been more than happy to so do. But, I was not told that I had to bring any documents.

4.  Your Honor, I believe that I have a viable case. I believe that if I am giving this one time chance to put evidence through discovery together, I will be able to submit a First Amended Complaint upon which relief could be granted.

5.  Your Honor, I am not trying to delay, offend, or interfere with any process of the law or this court to adjudicate my claims, I am asking based on what I have read is to be given a chance to submit further prove and be allowed to amendment my complaint. Thank you for considering my request.

I declare under penalty of perjury under the laws of the United States, that the above is true and correct. That I am not submitting this request for a continuance and request to conduct discovery for any ill will or purpose nor to delay this litigation. Executed on March 05th, 2013, Las Vegas, Nevada.

Garegin Spartalian
Las Vegas, Nevada 89117-8408
Em:  garegin73@yahoo.com
Tel:  702-513-3296
Plaintiff/Non-attorney
*In Pro Se*

***Spartalian vs. Citibank NA**, et al., etc.*
Case No.: **No. 2:12-cv-00742-LRH-PAL**

PLAINTIFF'S OPPOSITION TO DEFENDANT CITIBANK'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR A CONTINUANCE AND AN REQUEST FOR DISCOVERY PURSUANT TO FRCP RULE 56(d); DECLARATION OF GAREGIN SPARTALIAN

Page 5 of 5