UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GAREGIN SPARTALIAN,<br><br>                           Plaintiff,<br>v.<br>CITIBANK, N.A., et al,<br>                          Defendants. | Case No. 2:12-cv-00742-MMD-PAL<br><br>ORDER<br><br>(Defs.' Motions for Summary Judgment – dkt. nos. 51, 53)<br>(Plf.'s Motions for Continued Discovery – dkt. no. 68, 70). |

**I.   SUMMARY**

Before the Court is Defendant Citibank N.A.'s ("Citibank") Motion for Summary Judgment (dkt. no. 51), and Defendants The Law Offices of Rausch, Sturm, Israel, Enerson, & Hornick, LLC, Megan Hummel, Esq., Richard A. Russell, Esq., and Shelley L. Lanzkowsky's (collectively "Law Firm") Motion for Summary Judgment. (Dkt. no. 53.) Also before the Court is Plaintiff Garegin Spartalian's ("Spartalian") Motions for Continuance to Obtain Evidence and Continuance of Discovery. (Dkts. no. 68, 70.) The Court has also considered the respective oppositions and replies. For the reasons discussed below, Defendants' Motions are granted and Plaintiff's Motions are denied.

**II.   BACKGROUND**

    **A.   Factual Background**

This is a case involving an allegedly unpaid debt. Citibank issued a credit card to Spartalian, who eventually failed to make timely payments. Citibank hired Law Firm to collect the debt. Law Firm sent an initial demand for payment to Spartalian on May 31, 2011, but the letter was never received. On July 13, 2011, Law Firm sent a second letter

offering to settle the debt. On July 18, 2011, Spartalian sent a demand for debt verification to Law Firm via certified mail. On October 7, 2011, Law Firm sent verification to Spartalian. After Spartalian failed to remit the payment amount, Citibank through its agent, Law Firm, filed a lawsuit against Spartalian. Law Firm enlisted the services of Defendant Wagner to serve the summons and complaint. Wagner allegedly left a copy of the summons and complaint on the ground in front of Spartalian's home and falsified the Affidavit of Service.

### B.   Procedural Background

On May 3, 2012, Spartalian filed suit alleging seven claims: (1) violations of the Fair Debt Collections Practices Act ("FDCPA"), (2) violations of NRS § 649.370, based upon FDCPA violations, (3) fraud, (4) negligence, (5) violations of the Fair Credit Reporting Act ("FCRA"), (6) defamation, and (7) invasion of privacy/false light against Defendants Citibank, Law Firm, and JJL Process Corporation, Scott Levine, Joel Rosenthal, and Robert Wagner (collectively "Process Servers"). On August 15, 2012, Spartalian voluntarily dismissed all claims against the Process Servers. The Court approved voluntary dismissal of the Process Servers via minute order on October 23, 2012.

On February 13, 2013, upon Law Firm's Partial Motion to Dismiss, the Court partially dismissed several claims against Law Firm. The Court dismissed claims 1 and 2 with prejudice to the extent that the claims relied on the actions of the Process Servers. The Court also dismissed claim 3 without prejudice for failure to state a claim and claim 4 with prejudice as legally pre-empted. Spartalian failed to amend claim 3 by the Court's March 7, 2013, deadline for amendment. (Dkt. no. 64.) Therefore, as to Law Firm, claims 1 and 2 as they related to the mailing of the allegedly defective notice of debt remained, as did claims 5, 6, and 7.

Now, Citibank seeks summary judgment on all claims, and Law Firm seeks summary judgment on claims 1, 2, 5, 6, and 7. Spartalian opposes the motions, requests

///

continuances for additional discovery, and requests the Court to set aside his voluntarily dismissal of Process Servers.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

In determining a summary judgment motion, the Court may only consider admissible evidence. Fed. R. Civ. P. 56(e), *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). To be admissible, proper foundation must be laid and documents must be authenticated. *Id.*, *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920,

925 (9th Cir. 1987). In a summary judgment motion, documents authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada*, 831 F.2d at 925 (9th Cir. 1987).

*Pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, *pro se* litigants are not entitled to lenient evidentiary standards for the purposes of summary judgment motions. *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (holding "[f]irst and foremost is that *pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Trial courts are under no obligation to advocate for, assist, or guide *pro se* litigants through the trial process. *Id.* at fn.5. Therefore, if a *pro se* litigant fails to offer admissible evidence to defeat a motion for summary judgment, the remedy "is to move to reconsider or to set aside; it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant." *Id.* at 1365.

IV. **ANALYSIS**

A. **Claims 1 And 2 – FDCPA and NRS § 649.370 Violations**

As discussed in the Court's February 13, 2013, Order, Spartalian has failed to state a claim sufficient to impute liability to Defendants under the FDCPA and Nevada law for the allegedly wrongful actions of Wagner in his role as a process server and agent of the Defendants. Therefore, to the extent that these claims rely on the actions of the Process Servers, Citibank and Law Firm are entitled to judgment as a matter of law and summary judgment is granted. As to both Citibank and Law Firm, the claims relating to the alleged defective notice of debt remain to be adjudicated.

1. **Against Defendant Citibank**

To prevail on an FDCPA claim, the plaintiff must prove: 1) the defendant is a "debt collector" as defined by the FDCPA, 2) plaintiff was the object of defendant's debt collection activity, and 3) the defendant violated some duty or prohibition of the FDCPA.

*See* 15 U.S.C. § 1692k. The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). The text of the FDCPA, as well as its legislative history, makes clear that Congress did not intend the Act to encompass creditors. *See* S.Rep. No. 95-382, at *2, U.S. Code Cong. & Admin. News 1977, pp. 1695, 97 ("The committee intends the term 'debt collector,' . . . to cover all third persons who regularly collect debts for others. The primary persons intended to be covered are independent debt collectors.")

Here, Citibank is a creditor, not a debt collector, because the Complaint alleges Citibank "issued its credit card . . . to the Plaintiff." (Dkt. no. 1 at ¶ 13.) Spartalian concedes that Citibank is "as a matter of law, exempt under the FDCPA on the basis that it is not a 'debt collector.'" (Dkt. no. 69 at 2.) Instead, Spartalian attempts to reframe this cause of action against Citibank as one for "vicarious liability for the conduct of their legal counsel." (Dkt. no. 69 at 2.) Even if a claim for vicarious liability is legally viable, Spartalian has failed to allege, let alone show by admissible evidence, that Citibank exercised control over Law Firm in the alleged culpable conduct so as to establish vicarious liability. *See Newman v. Checkrite Cal., Inc.*, 912 F.Supp. 1354, 1370 (Cal. 1995). Spartalian has failed to allege or show Citibank manifested consent or specifically authorized Law Firm to hire Process Servers to effectuate allegedly fraudulent service. Citibank has shown Spartalian's FDCPA claim against it fails as a matter of law. Spartalian has failed to resist Citibank's Motion by setting forth any genuine issues for

///

trial via admissible evidence, rather than mere denials and speculation. Accordingly, as to Citibank, summary judgment is granted on this claim.

### 2. Against Defendant Law Firm

The FDCPA provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g. Section 1692g(a) requires only that a Notice be "sent" by a debt collector; a debt collector need not establish actual receipt by the debtor. While section 1692g(a) explicitly states that a Notice must be sent, "nowhere does the statute require receipt of the Notice." *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999). Additionally, if "the consumer notifies the debt collector in writing within" thirty days of the initial communication that any portion of the debt is disputed or requests verification of the debt, the debt collector must cease collection activities until "the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor," and it is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g.

///

Here, Law Firm has carried its burden of negating Spartalian's FDCPA claim against it by producing evidence of a debt collection initial communication letter dated May 31, 2011,[1] the sworn affidavits of Shelley Lanzkowsky and Carrie Heckman attesting that the letter was sent to Plaintiff, and the letter dated October 7, 2011, verifying the debt. (Dkt. no. 53, Ex. D and E.) Spartalian failed to resist the motion showing a genuine issue for trial.

Spartalian has failed to raise a genuine issue of material fact to dispute that Law Firm sent him the required Notice. Law Firm's standard business practice established that the May 31, 2011, initial communication was sent to Plaintiff's home. (Dkt. no. 53, Ex. 5-F.) Law Firm's system generated the May 31, 2011, initial communication, and Carrie Heckman placed that letter in the outgoing mail sending it to Spartalian's attention. (Id.) Spartalian offered no evidence that Law Firm failed to follow its ordinary business procedure in sending the May 31, 2011, initial communication. Spartalian simply says he did not receive it. Moreover, the October 7, 2011, letter is a proper verification of the debt as it includes the creditor, amount of the debt, and billing statements evidencing the debt. (Dkt. no. 53 at Ex. J.) Spartalian's Opposition argues that the entire October 7, 2011, letter is called into question because there is a typographical discrepancy between the name of the person who signed the October 7, 2011, letter and the person who Ms. Lanzkowsky said was her subordinate who signed the letter. Regardless of whether the person who sent the October 7, 2011, letter was Brandon E. Bowlin or Brandon E. Bowland, this typographical error does not change the fact that the October 7, 2011, letter constitutes proper verification. At best, Spartalian's Opposition and accompanying declaration simply raise his own speculation that there

---

[1]Plaintiff moves to strike the May 31, 2011, initial communication challenging its authenticity based on Carrie Heckman's affidavit arguing that, because there is no "date sent" notation on the document itself, it is inadmissible under Federal Rule of Evidence 1003. (Dkt. no. 67 at 5.) However, Plaintiff misconstrues the affidavit because Ms. Heckman did not attest to dating the document, but rather placing a notation in the file. (Dkt. no. 53 at Ex. 5-F.) Therefore, Plaintiff's request is denied.

may be a genuine issue of fact or some metaphysical doubt as to the material facts. This is insufficient to defeat summary judgment. Moreover, reviewing the May 31, 2011, and October 7, 2011, letters show that Law Firm complied with the FDCPA by giving required admonitions and verifying the debt. Thus, Law Firm is entitled to judgment as a matter of law.

### B. Claim 3 – Fraud

This claim has already been dismissed against Law Firm for failure to state a claim, and may be dismissed against Citibank for the same reasons. Spartalian failed to amend the claim to cure its deficiencies within the timeframe allowed by the Court. Accordingly, as Spartalian has failed to state a viable claim for relief and has failed to cure the deficiencies, Citibank and Law Firm are entitled to judgment as a matter of law and summary judgment is granted.

### C. Claim 5 – FCRA Violations

The FCRA creates duties for furnishers of information to credit reporting agencies. 15 U.S.C. § 1681s-2. Although there is no private right of action under § 1681s-2(a), *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009), § 1681s-2(b)(1) triggers duties when furnishers of information receive notice from the Credit Reporting Agency ("CRA") that the consumer disputes the information. *Gorman*, 584 F.3d at 1154.

Here, Spartalian's claim against Citibank and the Law Firm fail because Spartalian concedes that he did not notify the CRA of the dispute such to trigger Defendants' duties under the FCRA. *See* Dkt. no. 51, Ex. A, Spartalian Dep. Vol. 1 at 46-47; Dkt. no. 53, Ex. 2, Spartalian Dep. Vol. 2 at 84-85, 122. Spartalian's argument that Defendants' alleged failure to verify the debt makes the debt uncollectable, and therefore any adverse credit reporting actionable, is unsupported by legal authority. Moreover, as discussed above, Law Firm did verify the debt, thus Spartalian's argument is unavailing. As Spartalian did not take appropriate action to trigger Defendants' duties under the FCRA, Citibank and Law Firm are entitled to judgment as a matter of law.

### D.   Claims 4, 6, And 7 – Negligence, Defamation, and Invasion of Privacy and False Light

As discussed in the Court's February 13, 2013, order, the FCRA preempts state law claims for "defamation, invasion of privacy, or negligence" and then only to the extent that those claims are based on the disclosure of FCRA information and are not based on malice or willful intent to injure. 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F). Thus, the FCRA preempts a plaintiff from bringing any state law claim based on conduct covered by Section 1681s-2. *See Subhani v. JPMorgan Chase Bank, Nat. Ass'n*, No. C 12–01857 WHA, 2012 WL 1980416, at *5-6 (N.D. Cal June 1, 2012) (containing a thorough discussion of 9th Circuit FCRA pre-emption interpretation).

Here, almost all of Spartalian's claims for relief are based on state laws relating to activity covered by Section 1681s-2, that is, conduct relating to a furnisher's responsibilities to provide accurate information and conduct reasonable investigations following a dispute. For the negligence claim, as to the list of duties alleged, only one is not subsumed and pre-empted by the FCRA, and that duty is not recognized as a statutory duty under Nevada law. (Dkt. no. 59, 9-10.)[2] Moreover, the defamation claim and invasion of privacy claims arise from alleged failures in providing accurate information, which falls squarely within the ambit of the FCRA. Therefore, as these claims are pre-empted, Citibank and Law Firm are entitled to judgment as a matter of law and summary judgment is granted.

### E.   Plaintiff's Request for Continuances and Additional Discovery

Spartalian seeks the extension of discovery deadlines under Federal Rule of Civil Procedure 56 and a continuance to be able to take several depositions and then amend

---

[2] The only alleged duty that is not pre-empted is the "statutory duty of care to make sure that should the (sic) hire a legal process server who was truthful, honest and not deceiving in the practice and execution of his/her statutory duty for the service of summons and complaint." (Dkt. no. 1 at at ¶ 57, 59). However, as discussed in the Court's February 13, 2013, Order, Nevada law does not recognize the duty alleged in the Complaint as applied to debt collectors.

his complaint to state a claim. Although Rule 56 allows for the Court to defer judgment on the summary judgment motion, or extensions of time to take additional discovery, the Court may properly deny the request for additional discovery "if the movant can[not] show how allowing additional discovery would have precluded summary judgment." *Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir .1998) (quotation marks omitted), superseded by statute on other grounds.

Here, the request is denied for two reasons. First, the Court has already granted an extension of discovery deadlines by joint stipulation of the parties, and continued the disclosure deadlines due to Spartalian's failure to serve initial disclosures. (Dkt. nos. 48, 65). Spartalian seeks additional discovery based on his misreading of Ms. Beckman's affidavit, which the Court has already addressed, and to discover if Process Servers have committed perjury in other instances, which is irrelevant to this case. Spartalian seeks extra time to discover testimony that he says is "fundamental" to his lawsuit but that he did not request until after the close of discovery and the filing of summary judgment motions. The parties have conducted extensive discovery, and the Court granted an extension of time to oppose summary judgment. Any further extensions would merely result in undue delay. Second, the Court has already instructed Spartalian that he could have filed a Motion for Leave to Amend the Complaint, but had to do so by March 7, 2013. (Dkt. no. 64.) Spartalian failed to do so. Allowing amendment this late in the litigation and after the close of discovery would result in prejudice to the Defendants. Therefore, the request for additional discovery to enable Spartalian to amend his complaint is denied.

F.   **Plaintiff's Request to Set Aside Voluntary Dismissal**

Spartalian seeks to set aside the voluntary dismissal of claims against Process Servers because he "mistakenly" dismissed them. Spartalian argues his reinstatement application is timely and would not result in prejudice to the Process Servers. However, as Spartalian included this request in his Opposition to Law Firm's Motion for Summary Judgment, there has been no opposition. When Spartalian sought to voluntarily dismiss

the claims against Process Servers, there was a pending motion to dismiss. (Dkt. no. 28). Spartalian did not oppose that motion to dismiss. Instead based on Spartalian's voluntary dismissal, the Court granted the motion to dismiss filed by Process Servers. To reinstate these claims against Process Servers when discovery has now closed, Spartalian must move to amend his complaint, or file a new action. Therefore, this request is denied as procedurally improper.

## V.   CONCLUSION

It is therefore ordered that Defendant Citibank N.A.'s Motion for Summary Judgment (dkt. no. 51) is granted.

It is further ordered that Defendants The Law Offices of Rausch, Sturm, Israel, Enerson, & Hornick, LLC, Megan Hummel, Esq., Richard A. Russell, Esq., and Shelley L. Lanzkowsky's Motion for Summary Judgment (dkt. no. 53) is granted.

It is further ordered that Plaintiff Garegin Spartalian's Motions for Continuance to Obtain Evidence and Continuance of Discovery (dkts. no. 68 and 70) are denied.

The Clerk is instructed to enter judgment in favor Defendants in accordance with this Order and to close this case.

DATED THIS 27th day of September 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE